HACK and others *v.* CHICAGO & G. S. RY. Co. and others.

*(Circuit Court, D. Indiana.  1885.)*

1. REMOVAL OF CAUSE — DENIAL OF MOTIONS TO BE MADE PARTY AND TO RE-
MOVE CAUSE.
    If one who is a necessary party to a cause in a state court is wrongfully ex-
cluded, and denied leave to file a proper cross-bill and answer, and to present a
motion and bond for removal of the cause to the federal court, he will be
treated by the latter court as if a party, and the motion for removal determined
accordingly.
2. SAME—SEPARATE CONTROVERSY—NOMINAL PARTY—REFUSAL OF TRUSTEE TO
ACT.
    If the owner of bonds, secured by trust deed or mortgage, has been let in as
party to a cause concerning the trust property, and as such has a separate con-
troversy with citizens of another state, his right to remove the cause to the
federal court is not affected by the citizenship of the trustee named in the
mortgage deed, who is not a party in fact, and had refused to move to be made
party, or otherwise to execute the trust.  If brought in, such trustee would be
only a nominal party.

Motion of Henry H. Porter to have the court docket and take jurisdiction of case.

The objections made to the motion are, in substance,—

(1) That the same motion was made before and overruled; (2) that Porter was not a party, either plaintiff or defendant, in the state court, and there-fore had no right, under the second section of the act of March 3, 1875, to apply for a removal of the cause from the state court to the federal court; (3) that, considered as a party to the suit, Porter has no controversy "which is wholly between citizens of different states, and which can be fully determined as between them;" (4) that the alleged refusal of John C. New, trustee of mortgage bonds of which Porter claims to be owner, to become a party to the cause was collusively made, in order to enable Porter to come into the case and procure the removal of it to the federal court.

The facts of the case are, in substance, these:

In the original case, commenced in Jasper county, and taken thence by change of venue to the Newton circuit court, the plaintiffs, Hack and others, claiming to be creditors of the Chicago & Great Southern Railway Company, and that that company was threatened with insolvency, and with numerous suits in different courts, prayed an accounting and an adjustment of the de-mand of all creditors who should come in, and of their respective priorities, and that a receiver be appointed to conserve and keep the road in operation for the benefit of the creditors.  The receiver was appointed, and is in pos-session.  The complaint upon which this appointment was made, makes men-tion of the first mortgage or trust deed of the property, but the trustee named in that deed, John C. New, shown to be a resident and citizen of Indiana, was not made a party.  Early in March, 1885, Porter, claiming to be sole owner of

all bonds issued under and secured by that mortgage, made application to the Newton circuit court, then in session, to be admitted as a party in the cause, and for leave to file an answer and cross-bill; and, upon a denial of this motion, on the same day or the next, renewed the motion, and at the same time presented a motion and proper bond for a removal of the cause to this court, and these motions having been also denied, he procured and presented a transcript and moved this court to take jurisdiction. It then appearing that the application to be made a party in the state court did not show a refusal by New, the trustee, to act in the premises, this court considered the application defective, and refused to docket the cause. Thereupon an amended motion, showing New's refusal to take any step whatever in the further execution of the trust, was prepared, and, as is shown by the affidavits set out in the record now offered, was presented in the Newton circuit court then yet in session, on the thirteenth ult., and at the same time an answer and cross-bill, and petition and bond for removal.

These petitions and the cross-bill, before presentation to the judge of the court, had each been sworn to in open session by Mr. Porter, before the clerk of that court. The court at that time was presided over by a judge *pro tempore,* who, being of counsel in this cause, declined on that account to entertain the motions, or to note or permit the filing of the papers, though all objection to his acting was waived at the time by Porter's attorney. Thereupon communication was had with the regular judge of the court, who was then in Chicago, and his promise obtained to be in attendance at the court the next day, which by law was the last day of the term. On the afternoon of that day, Saturday, March 14th, the presiding judge, in order that the court might remain open until the regular judge should return, made no adjourning order, but upon the general order-book of the court signed an entry reading in this wise: "This record read this far, and signed this fourteenth day of March, 1885;" and thereupon left the bench and took train for his home at Monticello. Two hours thereafter—at 4 o'clock—the clerk entered upon the probate order-book, over the signature of the *pro tempore* judge, a journal order of adjournment of the court until court in course. Otherwise than this, it does not appear that any formal declaration of adjournment or attempt to adjourn was made. At or near 4 o'clock P. M., the regular judge arrived at Kentland, and went to the clerk's office, and thence to the office of the county recorder, where he was found by Mr. Pierce, attorney for Porter, and Mr. Wiley, who was also waiting for his action upon the bench in certain matters pending. In answer to a request to go to the court-room, he said that the court, as he was informed, had been finally adjourned; and upon being then told just what the judge presiding had done, and what entries had been made upon the dockets, he again peremptorily declined to go to the court-room and take the bench, saying, as the showing is, "that he believed the best thing he could do was to stay away from there." Thereafter, at a later hour of the same day, Porter filed with the clerk his application to become a party to the cause, his proffered answer and cross-bill, and his petition and bond for the removal of the cause; and, having procured a transcript, now again moves this court to assert jurisdiction.

In respect to the citizenship of the parties and persons concerned, it is shown that Porter is a citizen of Illinois, and that Hack and others, the plaintiffs, and the railroad company, defendant in the original cause in the state court, are citizens of Indiana. Before the present petitions to be made party and to remove the cause had been filed in the state court, an additional claimant, a citizen of Illinois, came into the cause, seeking as a plaintiff to share the benefits of the suit. New, the trustee in Porter's mortgage or trust deed, is a citizen of Indiana. In his proposed cross-bill, and in his petitions to be made party and to remove the cause, Porter shows that he is sole owner of 1,200 bonds for $1,000 each, made by the defendant railway company and secured by a trust

deed, a copy of which is exhibited, containing the usual provisions of such instruments, and constituting a first lien upon the property, franchises, and income of the company and its road; that no other bonds were issued or outstanding secured by said deed of trust; that the company is totally insolvent; that default had been made in payment of interest due, and that the trustee had brought an action for foreclosure in the Newton circuit court; that, upon consideration of a demurrer to the complaint of the trustee, the court intimated a ruling to the effect that the trustee alone had no right to maintain the suit, and that thereupon said New dismissed his action and has since refused to bring any action or to come into this case, or take other steps of any kind for the enforcement of his trust, though thereunto especially requested. Porter's proposed answer was the general denial.

R. B. F. *Pierce* and *McDonald, Butler & Mason,* for Porter.

*John S. Cooper* and *U. Z. Wiley, contra.*

WOODS, J. Upon the showing made, it is too clear—as it seems to me—to admit of dispute that Porter was entitled to be made a party defendant; and, having been wrongfully denied that right, he should, in respect to the question of removal, be deemed to be a party. The case in this respect is very like one decided by Judges DAVIS and TREAT in the circuit court of the United States for the Southern district of Illinois. That decision was not reported officially, but in a note upon pages 42 and 43 of Dillon's Removal of Causes, is given a statement of it which, as has been shown at this hearing, is authentic and accurate. The present case is stronger than that, because in that the application to become a party was made to the judge in vacation, while in this it was made to the court in open session, and to the judge of the court at the county seat during the term alloted by law and before the court had been adjourned. There is certainly no good reason apparent in the record why the presiding judge should not have permitted the papers to be filed. If a judge be interested in a cause pending in his own court, he must make the formal entries or orders necessary to put the case in a way to be determined; and a refusal to do so, under ordinary circumstances, is equivalent to an active interference to the injury of the adverse party. The essential wrong in this case, however, was the refusal of the regular judge to go upon the bench and give a hearing upon the proposed motions. The court in contemplation of law was open, or at least capable of being opened. The judge presiding had not adjourned it; the clerk and sheriff, so far as appears, had not attempted to adjourn it. The judge having been present on that day, they had no power under the statute to declare an adjournment. Rev. St. 1881, §§ 1381, 1382.

The entry made by the clerk upon the probate order-book, it seems to me, is not material to be considered; and even if a formal adjournment had been declared, entered of record, and signed by the regular judge, it could not well be held, I think, that the order might not have been disregarded or vacated, and other business done in the court upon the same or even upon a succeeding day, if within the lawful term of the court. Mere inconvenience would seem to forbid a different rule, and there is apparently no insuperable, or even strong,

reason against this view. The question, however, does not now arise. In this case the power to hear clearly remained; its exercise was seasonably and properly invoked; and under the decision referred to, the authority of which is not now and here, at least, to be disputed, it must be held that Porter acquired such standing in court, or in the case at least, as to enable him to claim a removal. It may be that if the motion to be made party had been heard and overruled, the remedy might and ought to have been sought in an appeal to the supreme court of the state, and thence, if necessary, to the federal supreme court, though it is not clear how a case could be so presented, on appeal from the overruling of a motion to become a party, as to present also the question of right of removal. Upon this record, however, the court is not required to review any decision or ruling of the state court upon a matter brought within its jurisdiction, but only to give effect to its refusal, without apparent excuse, to receive and pass upon the motion when rightfully presented.

The other objections made to the removal are all, as I think, untenable. They turn upon the relation to the case of New, the trustee. He is not in fact a party. He refused to become a party of his own motion. By reason of this, Porter became entitled to be made a party in his own right. He could not bring New into the case with him,—that is not the office of a cross-bill,—and if upon consideration the court should order New to be made a party, his relation to the case would, as it seems to me, be so entirely nominal as not to affect the jurisdiction. The case of *Thayer* v. *Life Ass'n*, 112 U. S. 717, S. C. 5 Sup. Ct. Rep. 355, is cited in support of the opposite view; but in that case the trustee was proceeding to sell the trust property, and the action being to restrain him from making the sale, he was of course held to be an indispensable party. If New were brought into the case, it is to be presumed that he would persist in his refusal to act under the trust, and if he did this, it is clear that his relation to the case would be purely nominal and of no significance. If necessary, the court might, and of course would, appoint another to exercise the powers conferred by the trust deeds.

It is claimed, however, that the refusal of New to apply to be made a party was for the collusive purpose solely of enabling Porter to come in and remove the cause. Without going into details, it is enough to say that it was in the power and apparent duty of the complainants to have made New a party to the original bill; they chose not to do it; and upon the entire record and proof made, the alleged collusion for the purpose of obtaining a removal is not manifest. To say the least, the justification for seeking a removal is so manifestly strong that the court is not called upon to make a minute search for grounds upon which to base a refusal of jurisdiction.

That there are controversies in the case between Porter, as a citizen of one state, and citizens of other states is sufficiently clear. Upon his cross-bill he has a controversy with the defendant railway com-

pany, and upon his cross-bill and answer he has separate controversies with that company and the original complainants. Each of these controversies is between, and may be wholly determined between, citizens of different states. Indeed, each claimant in the original bill, —and there are three of them,—and each additional claimant who has or may come in under that bill, has a separate claim which Porter does or may contest; and the controversy so raised is clearly separable, and determinable wholly between him and the particular claimant as if there were no other parties to the record. And one of the claimants in the case is, as I understood it to be stated and conceded upon the argument, a citizen of the state of Michigan; and as against him, even if New were an actual and willing party and ranged upon the same side of the case with Porter, there would be, in this view, a proper controversy upon which the application for removal could stand. This would certainly be so, unless the railway company should be deemed a necessary party to such controversy. This question, however, need not be decided.

It follows that the transcript and other papers offered should be filed, and the cause docketed here as properly removed.

Ordered accordingly.