RICE et al. v. DURHAM WATER CO.

(Circuit Court, E. D. North Carolina. January 17, 1899.)

1. PARTIES—EFFECT OF INTERVENTION.
    An intervener in an equity suit by leave of court becomes and remains a party for all purposes of the suit, the same as though originally made one.

2. JURISDICTION OF FEDERAL COURTS — ADMINISTRATION OF PROPERTY OF INSOLVENT CORPORATION—REMOVAL OF INCIDENTAL SUITS.
    Where a federal court has taken possession of the property of an insolvent corporation for distribution among creditors, it may, in its discretion, remove to itself suits pending against the corporation in the state courts, and affecting the property, by virtue of its jurisdiction to administer the same and as incidental thereto, without regard to whether or not it would have had jurisdiction of the suit.

Heard on motion by a receiver for the removal of a suit brought by an intervener against the defendant, and pending in a state court.

Winston & Fuller, for complainants.

Manning & Foushee, for the Durham Ice Co.

PURNELL, District Judge. On a bill in equity filed by nonresident bondholders, a receiver of the defendant, a state corporation, was appointed, and, under an order of the court, proceeded to collect the assets thereof. The Durham Ice Company, another state corporation, filed a petition asking to be made a party to the suit, setting forth that it had a suit for damages against the defendant corporation pending in the state court, asking for a modification of the order to the receiver herein, and that such receiver be temporarily restrained from cutting off the water supply, etc. Without objection, the ice company was, by order of court, made a party, a temporary restraining order granted, and, after hearing counsel, such restraining order was revoked, motion refused, and the receiver instructed to proceed under the former order. Upon notice duly served, the receiver now moves the court for an order removing the suit of the Durham Ice Company against the Durham Water Company from the superior court of Durham county to the circuit court, and a further order to the plaintiff therein not to further prosecute said action, respondent having voluntarily made itself a party to the suit in the United States circuit court. The motion is resisted, and the ice company insists, through its counsel, (1) that it be permitted to prosecute its claim for damages to judgment in the superior court, admitting it must stop there and come into this court to collect any judgment it may recover; (2) that its intervening petition should be treated as a special appearance; (3) that it appears the action between the ice company involves less than $2,000, exclusive of interest and costs, and this court has no jurisdiction; (4) that it appears both are domestic corporations, created by and under the laws of North Carolina, and hence there is not that diversity of citizenship necessary to give this court jurisdiction; (5) that it is not alleged that the receiver has been made a party to the suit, or the water company could not obtain a fair trial, in the state court.

There can be no question of the jurisdiction in the suit in equity (Rice against the Durham Water Company). The motion belongs to

the general domain of equity jurisprudence, and must be considered in that domain.

Having jurisdiction, the intervention of respondent could not in any way affect or devest such jurisdiction. Krippendorf v. Hyde, 110 U. S. 276, 4 Sup. Ct. 27. Leave to intervene was by order, and after intervention the new parties are treated, to all intents and purposes, as if they had been original parties to the suit. French v. Gapen, 105 U. S. 525. A case then pending in a state court may be removed. Hack v. Railway Co., 23 Fed. 356. And the intervener would be entitled to appeal from any interlocutory proceeding when final decree is entered. Williams v. Morgan, 111 U. S. 698, 699, 4 Sup. Ct. 646, and authorities cited.

According to its own contention, the Durham Ice Company must eventually come into this court for participation in the fund of defendant corporation, and it will be readily concluded the intervening petition should not be treated as a special appearance, or cause intervention; no motion or prayer having been made to withdraw the same or to sever its connection with the suit.

True, this court would have no jurisdiction in the action for damages of the ice company against the water company; but all courts of equity, state and federal, when they acquire jurisdiction of property, acquire jurisdiction of all claims or matters pertaining to that property. It is not only proper, but the duty of the court, to preserve the property of which, by the appointment of a receiver, it has obtained control. And this jurisdiction necessarily draws to itself everything properly incidental, even though it may bring into the court, for the adjudication of their rights, parties not otherwise subject to its jurisdiction. Gumbel v. Pitkin, 124 U. S. 132, 8 Sup. Ct. 379; State v. Roanoke Nav. Co., 84 N. C. 705. Authorities to this extent are abundant, and it becomes a matter of discretion whether the court will administer all matters incidental to or affecting the property under its control or permit proceedings in other jurisdictions. The state and federal are not foreign courts, or in hostility to each other, in administering justice or property rights between litigants. A citizen of North Carolina in this court is as much in his own court as in the courts of the state. The rights he has he cannot be deprived of in a federal court.

Applying the principles referred to, it will be readily seen there is no ground for contentions 3 and 4, as denying the jurisdiction of this court in the premises.

The receiver has not been made a party to the suit in the state court, and could not, without permission of this court. But the motion is made in this court, where the receiver is a party as well as the ice company. Having jurisdiction, the ice company being a party, should the court, sitting in chancery, in the exercise of a sound discretion, permit the action for damages to proceed to judgment? Cui bono? If plaintiff prevails, it must eventually come to this court to have its claim passed upon by a master or a jury, as the court may order. Affidavits are filed alleging vindictive prejudice against the water company in the county of Durham, not intended to bring the motion within the statute, or asking removal on the ground of local prejudice,—that

is unnecessary,—but addressed to the discretion of the court in the preservation of property in the custody of its officer, setting forth local prejudice and feeling in the county, which is small, and the danger of not being able to obtain a fair and impartial jury in the vicinage, suggesting it would be more equitable to submit the issues to a jury drawn from the body of the district, uninfluenced by local feeling. The affidavits may be too strongly drawn, as men frequently judge of such matters from points of interest. In all trials, even the losing party should feel he has had a fair trial, whether it affect his life, limb, or property. Nothing smarts more than for a litigant, after he has passed from the portals of the courts of his country, to have a verdict against him which, after cooling time and reflection, he feels has been obtained by unfair means. Money taken under such verdict he feels is extortion, imprisonment, oppression, and the extreme penalty of the law,—judicial murder. And this applies as well to corporations, which are but aggregated capital, as to individuals. Prevailing litigants, actuated by honorable motives such as can only be attributed to the parties to this action, seek to avoid leaving such a sting. In the exercise, therefore, of a sound judicial discretion, the motion is allowed; and it is ordered that the cause be removed from the superior court of Durham county to the circuit court of the United States for the Eastern district of North Carolina, at Raleigh. And it is further ordered that the Durham Ice Company, its agents and attorneys, desist from further prosecution of such action of the Durham Ice Company against the Durham Water Company in the superior court of Durham county.