## WYANT v. CALDWELL.

### No. 4119.

Circuit Court of Appeals, Fourth Circuit.

Nov. 17, 1936.

Claude Wyant, in pro per.

Before PARKER and SOPER, Circuit Judges, and WATKINS, District Judge.

PER CURIAM.

In our opinion upon the prior appeal in this case, 67 F.(2d) 374, we noted that the exceptions to the report of the special master with regard to the distribution of the funds in the hands of the receiver of the Wellsburg Home Telephone Company raised three points: (1) That the receiver should be charged with losses sustained through alleged mismanagement of the property while in the hands of the receiver; (2) that pay-

ments made to the manager employed by the receiver and to relatives of the manager were excessive and improper; and (3) that claims of the receiver and the manager for services should be disallowed because of failure to properly handle the matters intrusted to them. Pointing out that the District Court had not found the facts with respect to these matters, and that the report of the special master stating the account did not find the facts specifically with regard to the matters enumerated, and that the total allowance to the receiver of $1,419.50 (of which $69.50 was for expenses) seemed excessive in view of the fact that the total moneys coming into the hands of the receiver was only $3,817, we remanded the case to the District Court for further proceedings.

The appellant having filed an affidavit of prejudice against the District Judge, the latter disqualified himself from further hearing in the case, and another District Judge was appointed in his place and trial before him was had. In the meantime, pending the first appeal, the receiver had died and notice was served upon the relatives of the deceased affording them an opportunity to appear in defense of the decree of the District Court; but no appearance on behalf of the estate of the deceased was entered, so that the trial before the second District Judge was conducted ex parte. The District Judge therefore labored under the difficulties which such a situation always creates, and these were in no way lessened by the fact that the appellant, acting as his own lawyer, pursued the practice, which has characterized his conduct throughout, of filing numerous vague and confusing criticisms and charges against the receiver and other persons connected with the management of the estate. The District Judge found that the appellant's charges of extravagance and misconduct on the part of the receiver were in the main captious or trivial, and without foundation, and that the payments to employees by the receiver during his operation of the plant were not excessive; that the fact that the plant was operated at a loss for four and a half months by the receiver, as was the case prior to the receivership, did not imply fraud, dishonesty, or extravagance on the part of the receiver; and that the payments made to the manager or other employees were not excessive.

The record shows that in the report approved by the special master to which the appellant excepted, the receiver was allowed $500 for services; and that when the matter came before the District Judge, who conducted the receivership, on exceptions to the report, an additional sum of $850 was allowed to the receiver. As to this additional allowance, the District Judge before whom the second trial was had, stated that it was not possible for him to say what was a proper allowance to the receiver, not only because the case came before him fifteen years after the services were rendered, but also because he had no first hand knowledge of the case, the receiver was dead, and the appellant had furnished no further evidence on the subject. An affidavit filed by an attorney for certain of the bondholders stated that in his opinion the allowance was not excessive; but no facts were given, so that the District Judge had no knowledge of the nature of the services except such as might be inferred from the character of the proceeding. However, as the allowance had been made by the former District Judge who had knowledge of the services rendered, it was presumed, in the absence of evidence to the contrary, that the allowance was proper, and the exception on this point was also overruled.

The difficulties under which the District Judge labored are apparent and much may be said in favor of the conclusion reached. But the fact remains that this court is no better able now than upon the former appeal to determine the question of the fee, and we are unwilling to let the matter rest, notwithstanding the small amount of money involved, until every reasonable effort has been made to disclose the facts upon which the order fixing the compensation of the receiver was based. The receiver conducted the business for four and a half months in 1921 when the assets of the small telephone company involved were sold to the appellant for $2,650; and the latter shortly thereafter sold the same assets to a well established telephone company for $7,000. The whole matter was then referred to the special master. The receiver presented his account showing receipts of $3,817, and disbursements of $1,990.48. The appellant appeared and filed numerous objections and exceptions, and four hearings were held—three in the spring of 1922 and one in 1927. The report of the receiver was doubtless delayed by the confusing character of the appellant's attack; but the delay in filing the report until 1930, nearly nine years after the reference, is not easy to understand. As we have pointed out, the receiver was allowed compensation of $500 in the account approved by the special master. No al-

lowance for attorneys' fees was made, and it does not appear whether or not the services of an attorney were required during the receivership. The numerous exceptions to the report of the special master filed by the appellant were all overruled by the District Judge, and in the final order of the court, the special master was allowed $250 for his services, and the receiver the additional fee of $850. At that time the receiver had $1,826.52 in cash, while expenses incurred, including the fee of $500 and other liabilities, amounted to $1189.21. The allowance of the additional fees of $1,100 above mentioned, when added to the liabilities already incurred, exceeded the cash in hand; and the court therefore ordered that the receiver should disburse that amount pro rata in the payment of the costs and allowances indicated. The District Judge filed no opinion in overruling the exceptions of the appellant, and the record does not disclose the reason for the allowance of the additional fee to the receiver. It appears that the receiver's estate is insolvent, and no representative of the estate or relative of the deceased is sufficiently interested in the matter to make an appearance in court.

Under all these circumstances, we are constrained to remand the case for further proceedings. After an examination of the record and consideration of the opinion of the District Judge before whom the last trial took place, we are in accord with the conclusion that the appellant has failed to sustain any of the exceptions to the report, disregarding for the moment the matter of the additional fee of $850, and consequently as to all other matters, the decree of the District Court is affirmed. As to the additional fee, the District Judge, who allowed it, should promptly file an opinion in the case giving his reasons for the allowance, and the trial judge, considering this opinion, the facts already disclosed, and any added facts that may be shown, should in the exercise of his own judgment determine the matter. In addition, the trial judge should pass an order and cause it to be served upon the bonding company which was surety on the receiver's bond, authorizing it within a specified period to intervene in the case and participate in the trial of the controversy in regard to the additional fee, so that the District Judge may be afforded all of the assistance possible in reaching his decision, and an opportunity may be given to one having a substantial interest in the controversy to appear in answer to the appellant's complaint.

The decree of the District Court is affirmed in part, and the case is remanded for further proceeding in accordance with this opinion.