STATE OF KANSAS, ex rel. BECK, Atty.
Gen., et al. v. OCCIDENTAL LIFE
INS. CO. et al.

No. 1614.

Circuit Court of Appeals, Tenth Circuit.

April 5, 1938.

John G. Egan, of Topeka, Kan., and C. Glenn Morris, of El Dorado, Kan. (Clarence V. Beck and John L. Hunt, both of Topeka, Kan., on the brief), for appellants.

George E. Brammer, of Des Moines, Iowa (Joseph Brody, Clyde B. Charlton, and Louis A. Parker, all of Des Moines, Iowa, on the brief), for appellee Occidental Life Ins. Co.

T. M. Lillard, of Topeka, Kan., for appellees Clyde W. Miller and Robert G. Lindsay.

Jerome S. Koehler, of Kansas City, Kan., for appellee Webster W. Holloway.

Before LEWIS, BRATTON, and WILLIAMS, Circuit Judges.

BRATTON, Circuit Judge.

A statement of this case will be found in our opinion on the former appeal in which we affirmed an order made on November 27, 1936, requiring the Commissioner of Insurance of Kansas to cause certain securities to be withdrawn from the Treasurer of the state and delivered to Occidental Life Insurance Company, with provision that the proceeds derived from collection, compromise, foreclosure, or sale, and deeds received in satisfaction be deposited with the treasurer. Hobbs v. Occidental Life Insurance Co., 10 Cir., 87 F.2d 380. The securities involved there were withdrawn and delivered. Thereafter the Occidental Company petitioned the court to modify or enlarge the order in such manner as to require the withdrawal and delivery of the securities remaining on deposit with the treasurer. The state intervened and joined the commissioner in opposing the petition for modification. The court entered an order on May 12, 1937, modifying the former order to direct and require the withdrawal and surrender of the remaining securities; providing that upon such delivery the commissioner and the treasurer should stand released from all further liability to the Occidental Company, the Federal Reserve Company, and its former policyholders in respect to such securities; and providing further that the securities should be administered in accordance with the contract of reinsurance and the further orders of the court. Conforming to a stipulation of the parties, a subsequent order was entered on June 3, 1937, in which it was provided that as long as the lien created in the contract of reinsurance remains in effect, but in no event beyond June 30, 1951, the Occidental Company keep all personal property formerly belonging to the estate of the Federal Reserve Company and coming into the manual possession of the Occidental Company within the jurisdiction of the court, except that in the usual course of business securities may be taken or sent outside the jurisdiction for the purpose of sale, exchange, foreclosure, servicing, or administration otherwise. The state and the commissioner appealed from the order directing the withdrawal and delivery of the securities.

The order is challenged on many grounds. All of them except two were determined on the earlier appeal. It is contended that since the state became a party to the action after that time, the former decision is not binding as the law of the case. Matters decided on appeal become the law of the case to be followed in all subsequent proceedings in the trial court and in the appellate court where the evidence is substantially the same, and the introduction of new evidence in the second trial which is merely cumulative does not change the rule. The rule is not an unyielding one which takes from the court the power to correct manifest error or plain mistake of a serious nature inhering in the previous decision. It is one of sound policy designed to obviate undue prolongation of litigation. General Motors Acceptance Corp. v. Mid-West Chevrolet Co., 10 Cir., 74 F.2d 386. It applies to parties and those in privity with them. The commissioner was a party and is clearly bound by the decision. The state is in privity with him and is likewise bound. Furthermore, when the state voluntarily intervened it took the case as it found it. It became a party for all intents and purposes as though an original party and was bound by the record at that time. Its rights were subordinated to the main action, including questions already determined on appeal. One cannot voluntarily intervene after an appeal and then be heard to litigate anew questions determined on the appeal. See French v. Gapen, 105 U.S. 509, 26 L.Ed. 951; Merriam v. Bryan, 9 Cir., 36 F.2d 578; Whittaker v. Brictson Mfg. Co., 8 Cir., 43 F.2d 485; Leaver v. K. & L. Box & Lumber Co., D.C., 6 F.2d 666; Rice v. Durham Water Co., C.C., 91 F. 433; Seaboard Air Line Ry. v. Knickerbocker Trust Co., 125 Ga. 463, 54 S.E. 138; Perkins v. Henry Talmadge &

Co., 147 Ga. 527, 94 S.E. 1003; Northampton Trust Co. v. Northampton Traction Co., 270 Pa. 199, 112 A. 871. Apart from these considerations, we adhere to the former decision in respect to the questions determined.

The order reviewed on the former appeal provided that the proceeds derived from the collection, compromise, foreclosure, or sale of withdrawn securities, and deeds to real estate accepted in satisfaction or secured by foreclosure of withdrawn mortgages be deposited with the treasurer in lieu of the securities withdrawn. The order challenged here does not contain such a provision; but the subsequent order—entered pursuant to a stipulation of the parties—requires the Occidental Company to keep all personal property now or hereafter belonging to Federal Reserve fund and coming into the manual possession of the Occidental Company within the jurisdiction of the court, except that in the due course of business they may be taken or sent outside the jurisdiction for collection or administration otherwise. And the Occidental Company is required to administer such securities in accordance with the original order and the further orders of the court. It was stated in the course of oral argument at the bar of this court that all of such property is being kept within the jurisdiction of the court, and is being administered separate and apart from all other property. The statement was not challenged by opposing counsel, and we accept it as accurate. The retention of the property within the jurisdiction of the court, and the administration of it separate and apart from other property, subject to the supervision and control of the court, provides reasonable and adequate protection for all parties. Omission of a provision requiring the deposit of the proceeds from collection, compromise, foreclosure, or sale, and deeds to real estate accepted in satisfaction or secured by foreclosure of withdrawn mortgages does not prejudice any rights of interested parties.

The remaining contention advanced is that the contract of reinsurance and the decree approving it do not authorize the withdrawal of the deposited securities, and that the order requiring their withdrawal and delivery violates the due process clause in the Fifth Amendment to the Constitution of the United States. The basic requisites of due process when applied to judicial proceedings are that, having due regard to the form and nature of the proceeding and the character of the rights which may be affected, the order, judgment, or decree be entered by a court clothed with jurisdiction of the subject matter and that the party or parties bound by it have notice and be afforded an opportunity to present every available defense. An order, judgment, or decree entered in such circumstances does not violate the due process clause even though it be erroneous in fact or law, or both. Hagar v. Reclamation District No. 108, 111 U.S. 701, 4 S.Ct. 663, 28 L.Ed. 569; Holden v. Hardy, 169 U.S. 366, 18 S. Ct. 383, 42 L.Ed. 780; Endicott Johnson Corp. v. Encyclopedia Press, 266 U.S. 285, 45 S.Ct. 61, 69 L.Ed. 288; Dohany v. Rogers, 281 U.S. 362, 50 S.Ct. 299, 74 L.Ed. 904, 68 A.L.R. 434; Powell v. Alabama, 287 U.S. 45, 53 S.Ct. 55, 77 L.Ed. 158, 84 A. L.R. 527; Moore Ice Cream Co. v. Rose, 289 U.S. 373, 53 S.Ct. 620, 77 L.Ed. 1265; Owens v. Battenfield, 8 Cir., 33 F.2d 753. The proceeding involved here was in due form; the court had jurisdiction of the subject matter; and the state and the commissioner had notice and were heard. That satisfied in full measure the exactions of due process.

Affirmed.