## WYANT v. UNITED STATES FIDELITY & GUARANTY CO.

### No. 4689.

Circuit Court of Appeals, Fourth Circuit.

Dec. 12, 1940.

Claude Wyant, pro se, for appellant.

Handlan, Garden & Matthews, of Wheeling, W. Va., for appellee.

Before PARKER and SOPER, Circuit Judges, and WILLIAM C. COLEMAN, District Judge.

PER CURIAM.

This is the third appeal in a receivership case. The first was from a decree affirming the report of a special master and directing the distribution of funds in the hands of the receiver. We remanded the case in order that findings might be made as to the basic facts involved in the controversy. Wyant v. Caldwell, 4 Cir., 67 F.2d 374. Upon the remand, the appellant filed an affidavit of prejudice against the judge who had heard the case originally and another judge was designated to hear it in his stead. The latter found the facts fully as to all matters involved except as to an allowance of $850 to the receiver; and upon the second appeal we affirmed his findings except as to this allowance and remanded the case for further findings as to it. In our opinion we stated that the judge who had made the allowance should file an opinion giving his reasons therefor and that the trial judge, "considering this opinion, the facts already disclosed, and

any added facts that may be shown, should in the exercise of his own judgment determine the matter". 4 Cir., 86 F.2d 357, 359. Upon the second remand, these things were done. The judge who had made the allowance filed an opinion setting forth his reasons therefor, and the judge hearing the case considered this opinion along with the facts disclosed by the record and approved the allowance. With respect to the allowance, the judge who made it said in his opinion:

"In this case, the property was ultimately sold to the plaintiff Wyant, for the sum of $2,650.00; however, Wyant was the owner in his own right of some $7,450.00 worth out of a total of $15,000.00 worth of first mortgage bonds of this company. The balance of these bonds was held in small denominations by a scattered group of bondholders, most of whom had long since, in their own minds at least, charged these bonds off as worthless, and no one of whom, nor any group of whom, had sufficient equity to justify their making a serious contest at the sale of this property. In fact, at said sale Mr. Wyant professed to be acting for all the bondholders. The physical assets of the company, with the exception of the company's franchise, were probably valueless. The franchise had a value as constituting competition to the Bell Telephone System. At the time of the sale of the assets of the company, it was understood by all parties that Wyant would buy the company and immediately sell it to said Bell Telephone System. This he did. The price obtained from the Bell Company does not appear in the record, but it was the understanding of the Court and all the parties to this proceeding, that this price amounted to about $7,000.00.

"Therefore, in making the allowance to the receiver, this court considered the property handled by the receiver to have been worth $7,000.00, rather than the actual sale price. Wyant was the only person in a position to bid for the property. The property was obviously not worth anything like the bond issue standing against it, and as previously stated, My. Wyant controlled the only single substantial block of said bond issue. It was understood by all parties that the actual cash paid at the sale was only to be enough to cover the costs of this suit, which of course, included the receiver's commission."

The judge below set forth the facts regarding the allowance as follows:

"In the course of investigation as to the propriety of the allowance made the receiver, one important fact has developed as to which there has, apparently, been a misunderstanding by both the Circuit Court of Appeals and this court. In the opinion of the former, 86 F.2d at pages 358, 359, it is said that no allowance was made for attorney's fees and it does not appear whether or not the services of an attorney were required during the receivership. While my previous opinion noted the fact that the receiver had been represented by counsel, there was no mention or discussion of any allowance or fee paid such attorney. Both this court and the appellate court have been acting on the assumption that an allowance of $500.00 and a further allowance of $850.00 were both paid to the receiver for his services as such. This no doubt was due to the fact that the decree of November 9, 1932, confirming the receiver's report and ordering the payment of expenses directed the following payment:

"'Samuel R. Caldwell, receiver, fee and expenses $569.00' and later in the decree it was directed that 'said receiver be allowed for his services herein as such receiver the further sum of $850.00 * * *'.

"On further inquiry since the case was last remanded by the appellate court, it now develops that the allowance of $569.00 was to the attorney for the receiver and to cover his fee and out of pocket expenses. This is established by Mr. John C. Palmer, Jr., who states that he was counsel for the receiver throughout the proceedings. That his books of account show his charge of $569.00 and its payment in a pro-rated amount pursuant to the order of the court allowing it. In this connection, it should be said that the decree of November 9, 1932, after approving the receiver's report and directing the payments of expenses and allowances as set out therein, provided

"'And it further appearing from said report that there is now in the hands of said receiver the sum of $1,862.52 in cash, and it appearing that said sum is not sufficient to pay all of the above mentioned costs and allowances in full, it is further adjudged, ordered and decreed that said receiver shall, after twenty days from this date, disburse said amount now in his hands pro rata in the payment of the above costs and allowances * * *'.

"In pursuance of this pro rata distribution the attorney for the receiver was paid

$463.00 on the allowance of $569.00 for his fee and expenses. And the receiver himself received $692.00, as the pro rata of the allowance of $850.00 made to him. It appears, therefore, that the entire amount which the receiver was paid in this case for his services was $692.00. Considering the conditions under which this receivership was carried on, depicted in my previous opinion, it would seem that both the receiver and his attorney were none too well paid if measured by the trouble, annoyance and harrassment to which the performance of their duties was constantly subjected. No doubt the services of counsel were in almost constant demand in the controversies arising during the receivership. The receiver gave substantially his entire time to his duties which were troublesome and detailed."

And, after adverting to the circumstances under which appellant had purchased the property worth approximately $7,000 for $2,650, the judge below said: "Under such circumstances, it is not to be expected that the receiver's compensation should be fixed solely with regard to the amount actually paid to him by the purchaser and actually disbursed. He had handled and disposed of a property, the actual value of which, without dispute, was $7,000.00. He had conducted the affairs of the insolvent corporation for some months under difficult conditions. Under all the circumstances, I am of the opinion that the allowance of $850.00 (out of which he actually received only $692.00) was not unreasonable nor unfair to the interests of other persons and I so find."

It is well settled that allowances of this character rest in the sound discretion of the trial judge. Wiggington v. Auburn Wagon Co., 4 Cir., 33 F.2d 496, 501; Milbank, Tweed & Hope v. McCue, 4 Cir., 111 F.2d 100. While the allowances to the receiver and his attorneys appear rather large considering the amount involved, we cannot say upon the record that any abuse of discretion has been shown. And in view of the fact that appellant was permitted to purchase for $2,650 property which he sold shortly afterwards for $7,000, and which the court finds to have been worth the latter amount at the time of sale, he is hardly in position to complain that he has not received from the receivership all that he was entitled to; and no other bondholder or creditor is complaining. Of course the matters settled on the second appeal in this cause cannot be reopened on this appeal. Chesapeake & O. R. Co. v. Mears, 4 Cir., 70 F.2d 490; Dodd v. Union Indemnity Co., 4 Cir., 32 F.2d 512. The decree appealed from will accordingly be affirmed.

Affirmed.