**GODFREY L. CABOT, Inc., v. BINNEY & SMITH CO.**

Civil Action No. 1978.

District Court, D. New Jersey.

June 22, 1942.

McCarter, English & Egner, of Newark, N. J. (Fish, Richardson & Neave, of Boston, Mass., of counsel), for plaintiff.

Bernard M. Shanley, of Boston, Mass. (Pennie, Davis, Marvin & Edmonds, of New York City, of counsel), for defendant.

SMITH, District Judge.

This is a suit under the patent laws and was instituted pursuant to and in accordance with the provisions of the Declara-

tory Judgment Act, 28 U.S.C.A. 400. The plaintiff herein, Godfrey L. Cabot, Inc., the seller of the alleged infringing product, brought this suit for declaratory judgment on January 16, 1942. The intervenor herein, Cabot Carbon Company, the manufacturer of the alleged infringing product, applied for leave to intervene in this suit on April 20, 1942; the application may, for the purposes of this discussion, be regarded as having been granted as of that date. The defendant herein, Binney & Smith Company, the owner of the patent in issue, brought suit for patent infringement against the said plaintiff and the said intervenor in the United States District Court, District of Massachusetts, on February 4, 1942. The issues, as well as the parties, are identical in both suits.

The defendant moves to dismiss this suit, and, in the alternative, to stay the prosecution thereof until the suit pending in the United States District Court, District of Massachusetts, is adjudicated. The plaintiff and the intervenor move to enjoin further proceedings in the latter suit until this suit has been adjudicated.

 The question presented by these motions has been decided by the Circuit Court of Appeals for the Third Circuit. It is well established that in all cases of concurrent jurisdiction the court first acquiring that jurisdiction should retain it until there is a final adjudication, and, in order to prevent vexatious litigation and a multiplicity of suits, should enjoin the parties from further proceedings in another forum. Triangle Conduit & Cable Co., Inc., v. National Electric Products Corp., 3 Cir., 125 F.2d 1008; Alfred Hofmann, Inc., v. Knitting Machines Corp. et al., 3 Cir., 123 F.2d 458; Crosley Corporation v. Hazeltine Corporation, 3 Cir., 122 F.2d 925; Milwaukee Gas Specialty Co. v. Mercoid Corporation, 7 Cir., 104 F.2d 589. The sound reason underlying the rule is succinctly stated by Judge Maris in the case of Crosley Corporation v. Hazeltine Corporation [122 F.2d 930], as follows: "The party who first brings a controversy into a court of competent jurisdiction for adjudication should, so far as our dual system permits, be free from the vexation of subsequent litigation over the same subject matter. The economic waste involved in duplicating litigation is obvious. Equally important is its adverse effect upon the prompt and efficient administration of justice. In view of the constant increase in judicial business in the federal courts and the continual necessity of adding to the number of judges, at the expense of the taxpayers, public policy requires us to seek actively to avoid the waste of judicial time and energy. Courts already heavily burdened with litigation with which they must of necessity deal should therefore not be called upon to duplicate each other's work in cases involving the same issues and the same parties."

The defendant, recognizing the applicability of the rule, contends that its application in the instant case requires that the proceedings instituted by the intervenor in this court be stayed until there has been a final adjudication in the suit pending in the United States District Court, District of Massachusetts. It seems obvious that this contention, if adopted, would nullify the rule and defeat its very purpose; two suits in which there are identity of issues and parties would be prosecuted to conclusion unnecessarily.

 The defendant, in support of its contention, argues that the suit of the intervenor must be regarded as having been commenced on April 20, 1942, the date of the intervention. The argument is, in the opinion of this Court, without merit. Intervention presupposes the pendency of a suit in a court of competent jurisdiction, and one who voluntarily becomes a party thereto, impliedly, if not expressly, accepts the proceedings as he finds them at the time of the intervention; the intervenor is, for all intents and purposes, an original party. Marsh v. United States, 4 Cir., 97 F.2d 327; State of Kansas v. Occidental Life Insurance Co. et al., 10 Cir., 95 F.2d 935; General Motors Corporation v. Blackmore, 6 Cir., 53 F.2d 725; Commercial Electric Supply Co. v. Curtis et al., 8 Cir., 288 F. 657; Piccard v. Sperry Corporation et al., D.C., 36 F.Supp. 1006. The intervenor is as fully bound by the record and as fully entitled to avail himself of it as if he had been an original party thereto.

The motion of the defendant is, for the reasons hereinabove stated, denied. The motion of the plaintiff and intervenor is, likewise for the reasons hereinabove stated, granted.