Robert F. KENNEDY, Attorney General of the United States, as Successor to the Alien Property Custodian, Appellant,

v.

Erna CHRISTIANI–ONKEN, a/k/a Erna Christiani, Appellee.

No. 16364.

United States Court of Appeals District of Columbia Circuit.

Argued Jan. 11, 1962.

Decided March 15, 1962.

Mrs. Pauline B. Heller, Atty., Dept. of Justice, with whom Asst. Atty. Gen., William H. Orrick, Jr., Messrs. Morton Hollander and Arthur R. Schor, Attys., Dept. of Justice, were on the brief, for appellant.

Mrs. Mary P. Clark, Atty., Dept. of Justice, also entered an appearance for appellant.

Mr. James H. Mann, Washington, D. C., with whom Mr. John W. Pehle, Washington, D. C., was on the brief, for appellee.

Before WILBUR K. MILLER, Chief Judge, and PRETTYMAN and FAHY, Circuit Judges.

PER CURIAM.

Appellee filed suit in the District Court under section 9(a) of the Trading with the Enemy Act[1] against the Attorney General to recover assets located in the United States which on August 30, 1951, had been vested by appellant's predeces-

1. No. 16,471, decided February 1, 1962.

1. 40 Stat. 411 (1917), as amended, 50 U.S.C.App. §§ 1–40 (1958).

sor as Alien Property Custodian. The District Court entered judgment for appellee and directed appellant to convey the property to appellee.

Appellee had resided in Germany with her husband between 1931 and 1946, during which period she was a German citizen. In April 1946 she left Germany and entered Switzerland under a temporary permit. She has continued to reside in Switzerland except for brief visits abroad. In 1958 she reacquired Swiss citizenship, which she had lost by her marriage in 1931 to a German citizen.

Appellant contends that the District Court was without jurisdiction because appellee was concededly a resident of Germany during World War II, that she thus acquired enemy status within the meaning of section 2(a) of the Act, that this status was not removed by her departure from Germany in 1946 and the subsequent establishment of Swiss residence, and that, accordingly, she may not maintain a suit under section 9(a) of the Act, which is available only to one who is not an "enemy" as that term is defined in section 2(a).[2] Appellee contends to the contrary that enemy status must be determined in the circumstances existing at the time of the vesting of the property, at which time she was no longer a resident of Germany and had been residing within non-enemy territory for more than five years.

On the authority of N. V. Handelsbureau La Mola v. Kennedy, 112 U.S.App. D.C. ——, 299 F.2d 923, the position of the Attorney General is sustained, the judgment is reversed, and the case is remanded with directions to dismiss the complaint for lack of jurisdiction. See also Kennedy v. Rommel, 112 U.S.App.D. C. ——, 301 F.2d 544.

It is so ordered.

WILBUR K. MILLER, Chief Judge, (concurring in the result only).

While this case was under submission, my brothers here and a third judge handed down a decision in N. V. Handelsbureau La Mola v. Kennedy[1] which had been heard shortly before the hearing of the present appeal. As I did not participate in that case, I had no opportunity to protest against the decision rendered. Although I do not agree with it, the Handelsbureau opinion is a binding precedent which requires reversal here. For that reason only, I concur in the result of the majority opinion in this case.

---

**2.** The term "enemy" is defined in part as "any individual, partnership, or other body of individuals, of any nationality, resident within the territory  *  *  * of any nation with which the United States is at war  *  *  *." 40 Stat. 411 (1917), as amended, 50 U.S.C.App. § 2 (a) (1958).

**1.** No. 16,471, decided February 1, 1962.