**Omar SCHMEUSSER, Appellant,**

v.

**Nicholas de B. KATZENBACH, Attorney General of the United States of America, Dean Rusk, as Secretary of State of the United States of America, the United States of America, the Gulf Oil Corporation, a corporation, Appellees.**

**No. 8339.**

United States Court of Appeals Tenth Circuit.

Jan. 7, 1966.

Leslie L. Conner and James M. Little, Oklahoma City, Okl. (N. Richard Manning and Conner, Little & Conner, Oklahoma City, Okl., of counsel, on the brief), for appellant.

Florence Wagman Roisman, Atty., Dept. of Justice, Washington, D. C. (John W. Douglas, Asst. Atty. Gen., B. Andrew Potter, U. S. Atty., Oklahoma City, Okl., Alan S. Rosenthal, Atty., Dept. of Justice, Washington, D. C., with her on the brief), for appellees Nicholas de B. Katzenbach, U. S. Atty. Gen., Dean Rusk, Secretary of State, and the United States.

James B. Diggs, Oklahoma City, Okl., for appellee Gulf Oil Corp.

Before MURRAH, Chief Judge, and BREITENSTEIN and SETH, Circuit Judges.

SETH, Circuit Judge.

Appellant sought, as a "successor in interest" of his deceased father, Carl Anton Schmeusser, to recover certain property which had vested in appellees under the Trading with the Enemy Act, 40 Stat. 411, 50 U.S.C.App. § 1. The trial court granted summary judgment for defendants-appellees on the pleadings, and this appeal was taken. Appellant's father had in 1950 also brought an action to recover the property, but judgment was rendered against him. The court made detailed findings of fact in the 1950 suit.

Appellant urges that summary judgment was improper because there were issues of fact and because the loss of citizenship by appellant's father was based upon a statute later held to be unconstitutional. He urges also that the vesting or the failure to recover was brought about in some way by reason of the loss of citizenship, and hence the matter should be reexamined.

The pleadings of the appellant, when interpreted most liberally procedurally and otherwise, thus present a claim for the return of his father's property because its vesting was related to a loss

of citizenship in 1947 under a statute held in 1964 to be unconstitutional.

■ We will consider these issues and ignore for the moment the question of limitations raised by the Government. When the statute, 50 U.S.C.App. § 1, under which the property was vested in the appellees, and which covers the recovery of vested property, is examined together with the authorities construing it, it is apparent that the determinative factor is residence and not citizenship. Thus if a citizen or non-citizen of the United States was a "resident" of a country with which we were at war, he becomes an "enemy" under the Act and cannot recover the property once vested. Thus the issue as to appellant's father's loss of citizenship under an unconstitutional statute is not important to this suit.

The statute, 50 U.S.C.App. § 2(a), defines an "enemy" to be "any individual" a "resident within the territory (including that occupied by the military and naval forces) of any nation with which the United States is at war * * *." The general term "any individual" is without limitation as to citizenship or in any other respect. Section 2(c) which gives the President discretion to include "other individuals," wherever resident, as enemies is limited to exclude citizens of the United States, as is Section 2 second (c). Thus Section 2(a) must be held to include United States citizens, and if a citizen is found to have been a resident within a country with which we were at war, they become enemies under the Act. The matter of residence is thus the important factor in the case at bar.

The significance of the term "resident" in the statute, and the definition of "enemy" as used in Section 2(a) has been carefully examined in several cases which arose shortly after the Second World War. In United States v. Krepper, 159 F.2d 958 (3d Cir.), the court held expressly that the term "enemy" was without limitation and thus applied to a citizen of the United States residing in Germany. The issue in the case concerned letters written by the defendant to his wife in Germany. There was a like holding in Salvoni v. Pilson, 86 U.S.App.D.C. 227, 181 F.2d 615, that a United States citizen who resided in Italy during the war was an "enemy" as defined in the Trading with the Enemy Act. Ecker v. Atlantic Refining Co., 222 F.2d 618 (4th Cir.), was a suit to recover vested property and the court held that a naturalized citizen of the United States who returned to Austria was a resident there and an enemy within the Act. See also Feyerabend v. McGrath, 89 U.S.App.D.C. 33, 189 F.2d 694, where the right to sue to recover vested property was limited to non-enemies, and did not include a citizen who had resided in Germany. Guessefeldt v. McGrath, 342 U.S. 308, 72 S.Ct. 338, 96 L.Ed. 342; Kennedy v. Christiani-Onken, 112 U.S. App.D.C. 222, 301 F.2d 546; Kaku Nagano v. Brownell, 212 F.2d 262 (7th Cir.).

■ What of the residence issue here? As described above, appellant's father in 1950 brought an action in the United States District Court for the Western District of Oklahoma seeking to recover the vested property, but judgment was rendered against him. The court there found as a fact that he was a resident of, and domiciled in Germany from and after December 1940. The court concluded that he was thus an enemy under Section 2 of the Trading with the Enemy Act, and was barred by Section 9(a) of the Act from recovering the vested property. The court also found he was a citizen of Germany barred under Section 39 of the Act from recovering the property. It also found that he had lost his citizenship and was not entitled to a declaration of nationality as prayed for. The conclusion as to Section 39 was subsequently held by the Supreme Court in another case to be an incorrect construction of the statute. Guessefeldt v. McGrath, 342 U.S. 308, 72 S.Ct. 338. Also, as indicated above, the statute under which citizenship was lost was later held to be unconstitutional. Schneider v. Rusk, 377 U.S. 163, 84 S.Ct. 1187, 12 L.Ed.2d 218. However the fact remains that a bar to retaining the property was

validly based upon the residence of appellant's father, and this was and is a sufficient independent ground under the statute. Appellant asserts that he is the successor in interest to his father. By reason of this privity he is bound by the prior determination of the same issue of residence in the 1950 suit.

The situation as to the citizenship of appellant's father may have changed by events which took place since the vesting, but this does not affect the vesting nor the impediments on bringing an action to regain the property. The matter of the residence of appellant's father cannot change, and it alone is sufficient to preclude the granting of the relief sought by appellant.

In view of the above disposition of the basic issue, it is not necessary to consider the matter of limitations urged by appellees.

There were no issues of fact before the trial court. It was correct in granting summary judgment to appellees.

Affirmed.