955 F.2d 46
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Alvin D. PEARSON, Brenda Curtis and Century 21 Pearson,
Incorporated Realtors, Plaintiffs-Appellants
v.
James R. THOMPSON and Neil F. Hartigan, Defendants-Appellees.
 No. 89-3248.
 United States Court of Appeals, Seventh Circuit.
 Argued Oct. 16, 1991.
Decided Feb. 13, 1992.
 
 Before COFFEY, MANION and KANNE, Circuit Judges.
 
 ORDER
 
 1
 The appellants appeal the judgment of the district court, dismissing the plaintiffs' complaint seeking to enjoin the enforcement of Ill.Rev.Stat. ch. 38 70-51(d)[1] and a declaration that the statute is unconstitutional on the ground that the law of the case, Curtis v. Thompson, 840 F.2d 1291 (7th Cir.1988), held that their complaint was insufficient as a matter of law. We affirm.
 
 I. FACTS
 
 2
 The posture of this case on the previous appeal involved a challenge to the district court's denial of plaintiff Curtis' request for a preliminary injunction against the enforcement of the anti-solicitation statute.[2] Subsequent to our affirmance of the District Court's denial of the motion for a preliminary injunction, on the ground that the complaint was insufficient as a matter of law, see Curtis, 840 F.2d at 1297, the trial court dismissed the complaint. The facts relevant to this appeal are set forth in detail in Curtis, 840 F.2d at 1293-95.
 
 
 3
 In this appeal the plaintiffs again attempt to challenge the same issues we have previously addressed in Curtis: whether the statute violates the First Amendment, whether it is unconstitutionally vague, and whether the statute offends the equal protection clause. We recently reaffirmed our Curtis holding, which rejected the appellants' arguments on those issues, in South Suburban Housing Center v. Greater South Suburban Board of Realtors, 935 F.2d 868 (7th Cir.1991), cert. denied, 112 S.Ct. 971 (1992).
 
 
 4
 The only issue we address in this appeal is whether our former opinion in Curtis v. Thompson became the law of the case.
 
 II. DISCUSSION
 
 5
 In Curtis we held that the complaint failed. See Curtis, 840 F.2d at 1297. We ruled that while the plaintiffs' solicitation of the owners of residential property to sell or list such property was protected speech, the state's interest in protecting the privacy of individual homeowners outweighed the realtors' free speech interest: "In our view, that interest [privacy] is more than sufficient to justify the limited curtailment of [the plaintiffs'] right to speak to citizens in their homes." Curtis, 840 F.2d at 1299. Moreover, we held that further fact finding at the trial court level would was unnecessary for the disposition of the claim, for the issue of the sufficiency of the complaint was "solely a question of law." Id. at 1296. We also rejected Curtis' claims that the statute was unconstitutionally vague or that it violated her equal protection. See id. at 1304 n. 12.
 
 
 6
 The appellants quote Wright and Miller for the proposition that "[r]ulings that simply deny extraordinary relief for want of a clear and strong showing on the merits ... do not trigger law of the case consequences." Our opinion in Curtis, however, did more than "simply deny extraordinary relief for want of a clear and strong showing on the merits"--we held that the plaintiffs were without even "a 'negligible' chance of success" because the complaint was insufficient as a matter of law. See Curtis, 840 F.2d at 1296. Hence, the rule in regard to the non-precedential effect of holdings denying "extraordinary relief for want of a clear and strong showing on the merits" is inapplicable in this case. The arguments the realtors raise in this appeal were addressed and rejected in Curtis.
 
 
 7
 "This court has long held that 'matters decided on appeal become the law of the case to be followed in all subsequent proceedings in the trial court and, on second appeal, in the appellate court, unless there is plain error of law in the original decision.' Kaku Nagano v. Brownell, 212 F.2d 262, 263 (7th Cir.1954). The law of the case doctrine 'is a rule of practice, based on sound policy that, when an issue is once litigated and decided, that should be the end of the matter.' "
 
 
 8
 Evans v. City of Chicago, 873 F.2d 1007, 1013-14 (7th Cir.1989) (citation omitted). When the issues have previously been decided, the law of the case should apply unless there are exceptional circumstances militating against it:
 
 
 9
 "These include (1) substantial new evidence introduced after the first review, (2) a decision of the Supreme Court after the first review that is inconsistent with the decision on that review, and (3) a conviction on the part of the second reviewing court that the decision of the first was clearly erroneous."
 
 
 10
 Chicago & N.W. Transportation Co. v. United States, 574 F.2d 926, 930 (7th Cir.1978). Since we ruled in Curtis that the plaintiffs' complaint was insufficient as a matter of law (regardless of the facts), there has been no intervening decision of the Supreme Court that is inconsistent with Curtis (in fact, the Supreme Court denied certiorari in South Suburban Housing Center, 112 S.Ct. 971), and the appellants have failed to convince us that our earlier decision was in error, the judgment of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 [1]
 Ill.Rev.Stat. ch. 38 p 70-51 states in pertinent part: "It shall be unlawful for any person or corporation knowingly: (d) To solicit any owner of residential property to sell or list such residential property at any time after such person or corporation has notice that such owner does not desire to sell such residential property."
 
 
 [2]
 The actions of the other plaintiffs were stayed pursuant to Younger v. Harris, 401 U.S. 37 (1971), pending resolution of state court prosecutions for violating the statute. The stay was lifted following the disposition of the criminal charges, and all of the plaintiffs are now before us in this appeal