## JABLOW et al. v. AGNEW et al.

District Court, S. D. New York.

Jan. 5, 1940.

Joseph Nemerov, of New York City (Joseph Nemerov, Maurice J. Dix, Henry Schwartz, and Solomon Herman, all of New York City, of counsel), for plaintiffs.

Simpson, Thacher & Bartlett, of New York City (Albert C. Bickford, Richard H. Demuth, and Delmar Karlen, all of New York City, of counsel), for defendants Agnew, Balaban, Callaghan, Gibson, Harris, Johnston, Keough, Luce, McClintock, Newton, Otterson, Weisl, and Zukor.

Louis Phillips, of New York City, for defendants Paramount Pictures, Inc., and Paramount Theatres Service Corporation.

Larkin, Rathbone & Perry, of New York City, for defendant William S. Gray, Jr.

John H. Ray, of New York City, for defendant American Telephone & Telegraph Co.

T. Brooke Price, of New York City, for defendant Western Electric Company, Inc.

Hurd, Hamlin & Hubbell and Homer H. Breland, all of New York City (George F. Hurd and Vincent W. Farley, both of New York City, of counsel), for defendant Electrical Research Products, Inc.

CONGER, District Judge.

Motions of defendants American Telephone and Telegraph Company, Western Electric Company, Incorporated, and Electrical Research Products, Inc., and motions of the individual defendants Agnew, Balaban, Callaghan, Gibson, Harris, Johnston, Keough, Luce, McClintock, Newton, Otterson, Weisl, Zukor, and the Paramount Pictures, Inc., and Paramount Theatres Service Corporation, although made separately, are practically the same, and will be considered together.

The motions of these defendants to dismiss the amended complaint because of plaintiffs' failure to comply with Rule 23(b) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, or in the alternative directing the plaintiffs to serve a further amended complaint, in that they shall aver that such is a fact that they were shareholders of defendant Paramount Pictures, Inc., at the time of the transactions of which they complain, or that their shares devolved on them by operation of law, is denied.

The action herein was begun in the Supreme Court of the State of New York and removed by the defendants to this Court solely on the ground of a federal question. It has been held in this District that Equity Rule 27, 28 U.S.C.A. following section 723, which is the source of Rule 23(b) of the Federal Rules of Civil Procedure, did not apply to cases removed from the State Court on the grounds of a federal question. See Lindsley v. Natural Carbonic Gas Co., C.C., 162 F. 954; Hand v. Kansas City Southern Ry. Co., D.C., 55 F.2d 712. As was pointed out by Judge Knox in Jacobson v. General Motors Corporation, D.C., 22 F.Supp. 255, this holding necessitated an apparently anomalous distinction between cases removed on the grounds of diversity of citizenship, to which Equity Rule 27 was held applicable, and cases removed on the ground of a federal question. Defendants argue, however, that this distinction no longer exists because Rule 81(c) of the Federal Rules of Civil Procedure makes Rule 23(b) applicable to all removed cases and it is asserted that persistence in the exception laid down by the old cases would amount to judicial legislation in contravention of the mandate of the Supreme Court.

So far as I am able to ascertain, the wording of Rule 23(b) is identical with that of old Equity Rule 27, and the cases arising under former Equity Rule 27 should be precedents for the application of Rule 23(b) of the new Federal Rules of Civil Procedure, unless it can be said that Rule 81(c) compels a contrary course. I do not think that it does.

The defendants claim that in the first cause of action there are at least four separate and distinct causes of action, and that they should be separately stated and numbered.

The plaintiffs claim that the first cause of action is a separate cause of action consisting of various charges against the defendants who are jointly and severally charged with committing wrongful acts; that this constitutes one complete cause of action; that the various allegations of wrongful acts may be joined together to constitute one cause of action. I have come to the conclusion, in said first cause of action, that there are set forth two

distinct and separate causes of action, which should be separately stated and numbered as follows:

(1) A cause of action against the defendants American Telephone and Telegraph Company, Western Electric Company, Incorporated, Electrical Research Products, Inc., Hilles, Leake, Richardson and Otterson (Paragraphs 10–47, and 50).

(2) A cause of action against the defendant directors and officers of Paramount Pictures, Inc. (Paragraphs 48, 49, 51–56, 57).

The parties involved are apparently separate and distinct. The claim against the officers and directors of Paramount has no connection with the transaction in which Electrical Research Products, Inc., et al. is charged. In what I regard as the second claim in the first cause of action, there are several different transactions, but I agree with the plaintiffs that the various acts and transactions charged to them may be included in one cause of action.

The allegations of misconduct of Electrical Research Products, Inc., et al., with the Trustees of Paramount Publix Corporation, should be separated from the acts and conduct of the directors and officers of Paramount Pictures, Inc. The duties of the directors and officers of Paramount Pictures, Inc., are entirely different from the duty of the trustees in the bankruptcy and reorganization proceedings of Paramount Publix Corporation. There being allegations in the first cause of action involving the breach of two separate duties of two sets of fiduciaries, there should be a separation of the causes of action.

The plaintiffs are therefore directed to serve an amended complaint in which the first cause of action should be separately stated and numbered as above.

The motions are also directed to paragraphs 1 to 9, and 96 to 110 of the amended complaint. Here the plaintiffs have set forth allegations which they say apply to all the causes of action. Some of the paragraphs simply set up the status of some of the parties, and in the interest of simplification, perhaps do no harm; but in many of these, particularly paragraphs 96 to 110, there are many allegations of a general nature charging improper acts without specification of what the improper acts were, by whom, or when they were committed, or what specific connection they have to the various causes of action. It seems to me these allegations are so general, that they should be set forth in the cause of action to which they are applicable, and in proper place, so that the story be told connectedly. As set forth now, it is practically impossible to plead to these allegations.

I therefore direct that in the amended complaint, heretofore ordered, these various allegations be set forth in each cause of action.

The allegations contained in paragraphs of the amended complaint, numbered 8, 9, 10, 20, 21, 26, 29, 34, 39, 45, 47, 49, 51, 54, 94, 99, wherein plaintiffs have alleged, in substance, that certain matters set forth in the complaint are unknown to the plaintiffs, or are known to the defendants, and can be ascertained by the plaintiffs only in this action, are immaterial and are unnecessary allegations. Such allegations do not comply with Rule 8(a) (2). Such statements and allegations have no relation to plaintiffs' cause of action and do not set forth in the bill of complaint plaintiffs' cause of action "by a short and plain statement of the claim showing that the pleader is entitled to relief". If they are alleged in the amended complaint for any other purpose, certainly then, they are not proper and are immaterial and irrelevant to the real claim of the plaintiffs.

In as much as there will have to be an amended complaint, I direct that these averments be omitted from the new pleading.

I am not passing on the motions addressed to paragraphs 14, 15, 16, 17, 18, 19, 22 of the amended complaint, except that I may state that after a very careful analysis of these allegations, I have been unable to ascertain exactly their relevancy to plaintiffs' cause of action. I would suggest in the new pleading their relation to the facts constituting plaintiffs' cause of action be made clear.

Under the circumstances it will not be necessary for me to pass on the motion of defendants for an order directing the plaintiffs to furnish a more definite statement and a bill of particulars of the allegations in the amended complaint, inasmuch as a new amended complaint will have to be served herein.

The defendant William S. Gray, Jr., joins with the other defendants and asks for the same relief as above, except that

in addition, the defendant Gray has moved to dismiss the amended complaint as against him because it fails to set forth a cause of action against the said defendant Gray. This defendant's motion in this respect is granted.

A careful search of the amended complaint fails to find the defendant Gray mentioned therein, except in the caption. It fails to allege that he was an officer or director of any of the corporations therein mentioned. There is no allegation connecting him with the matters and things alleged in the amended complaint. There is nothing in the allegations of the amended complaint to which he can answer, and nothing which puts him to his proof.

It may very well be that the plaintiffs intended to charge this defendant with liability therein, by reason of the allegations contained in paragraphs 78, 81, 96, and several of the paragraphs that follow 96. However, these allegations are so indefinite and are also so disconnected with the various causes of action pleaded, as to amount to no pleading insofar as this defendant is concerned.

The motion of this defendant Gray is granted, with permission to plaintiffs to replead as to defendant Gray in the amended complaint which has been heretofore ordered.

The plaintiffs are therefore directed to serve an amended complaint as hereinbefore directed, within twenty days after service of a copy of the order herein, with notice of entry, and the defendants are to have twenty days to answer the same, after service of the said amended complaint. Settle order on notice.