## PICCARD v. SPERRY CORPORATION et al.

District Court, S. D. New York.
Jan. 31, 1941.

See, also, D.C., 30 F.Supp. 171.

A. Joseph Geist, of New York City (George E. Netter, Theodore Kadin, and Charles Greenbaum, all of New York City, of counsel), for plaintiff.

Chadbourne, Wallace, Parke & Whiteside, of New York City (Horace G. Hitchcock, of New York City, of counsel), for defendants Morgan, Sanderson, Doe, Royce, and Sperry Corporation.

Humes, Buck, Smith & Stowell, of New York City (William H. Hall, of New York City, of counsel), for defendant Armsby.

Chadbourne, Hunt, Jaeckel & Brown, of New York City (William H. Hall, of New York City, of counsel), for Standard Capital Co. and Cowdin.

Eisman, Lee, Corn & Lewine, of New York City (Louis F. Lee, of New York City, of counsel), for Margolin, petitioning intervenor.

Frederick W. Scholem, of New York City, pro se.

Bijur & Herts, of New York City (Harry Bijur, of New York City, of counsel), for Scholem, petitioning intervenor.

Weinstein & Levinson, of New York City (Frank Weinstein and Samuel J. Levinson, both of New York City, of counsel), for Consolidated Investing Corporation, petitioning intervenor.

Charles J. Tanenbaum and Morton Pepper, both of New York City, for objecting stockholders.

John F. Kavanagh, of New York City, for objecting stockholder.

Aaron Rosenthal, of New York City, pro se.

Herbert M. Greenberger, of New York City (Samuel Schaeffer, of New York City, of counsel), for objecting stockholder.

Stewart. Lynch, of Wilmington, Del. (Conrad H. Ratner, of New York City, of counsel), for objecting stockholder.

Morris J. Levy, of New York City for objecting stockholder.

Maurice J. Dix, of New York City, pro se.

Emanuel Rackman, of Hempstead, N. Y., for objecting stockholder.

Paul E. Rapp, of New York City, pro se and for objecting stockholder.

John J. Gilbert, pro se.

Skutch, Meyer & Burton, of New York City, for defendant Pierce.

CONGER, District Judge.

This is an application by the plaintiff for an order approving the proposed compromise of this action, and for an appropriate judgment and decree providing for the acceptance of said compromise according to its terms and the consummation of a settlement thereby contemplated, which has been offered by certain of the defendants in full and final settlement of all matters in the complaint.

Upon the return day of this motion, many stockholders of the Sperry Corporation appeared in court, and voiced opposition to the proposed settlement.

This action is a stockholder's suit brought on behalf of plaintiff for the benefit of the

Sperry Corporation, and all other stockholders of the Sperry Corporation who may be similarly situated, against the Sperry Corporation, its officers, and directors, and against certain other defendants and corporations to recover for certain alleged wrongs done to the corporation.

Generally the complaint alleges (1) that the directors, with knowledge of a future increase in the market value of Curtiss-Wright stock, conspired to sell Sperry Corporation's holding of such stock, in order to purchase it for their own account; (2) that the ownership of such a large block of Curtiss-Wright stock by Sperry Corporation was a valuable asset, in that Sperry Corporation had a position of dominance and control over the Curtiss-Wright corporation, and thus the sale constituted negligent waste on the part of the directors of Sperry Corporation; and (3) that the option contract between Sperry Corporation and Field Glore & Company providing for the sale of the Curtiss-Wright stock was illegal and void by reason of the fact that Standard Capital Company had an agreement with Field Glore & Company to share in its profits, and two of the directors and voting trustees of Sperry Corporation were directors and voting trustees of Standard Capital Company.

The defendants have answered, denying the allegations, and generally contend that none of the directors of Sperry Corporation, or any of the other defendants, knew that Curtiss-Wright stock was going to advance in price; that they sold such stock at a time when they thought it best for Sperry Corporation; and that they did not purchase any of such stock for their own accounts. Further they contend that ownership of the Curtiss-Wright stock did not give Sperry Corporation domination and control over that company, and that the contract between Sperry Corporation and Field Glore & Company was fair and reasonable and in the best interests of Sperry Corporation; that at the time said contract was submitted to the board of directors of Sperry Corporation, one of the directors informed the board that a company in which he was interested would receive a portion of Field Glore's profits; that neither he nor another director voted for the approval of this contract, and that when the other directors learned that Standard Capital Company was to receive fifty per cent of the profits of Field Glore, they remonstrated with this director, who took the position that Standard Capital Company was entitled to receive and retain such profits; that in the course of this dispute, a proposed settlement was entered into between the directors on behalf of Sperry Corporation, and this director on behalf of Standard Capital Company, which provided for the payment by Standard of the sum of $101,407.05 out of its profits to Sperry Corporation, and which proposed settlement was submitted to Hon. Clarence Shearn as sole arbitrator upon an agreed statement of facts. This settlement was approved by the arbitrator, and the sum paid.

The objecting stockholders claim that despite the prior settlement between Standard Capital Company and Sperry Corporation, there is more liability than was determined on the arbitration. They also contend that with respect to this proposed settlement all the facts concerning this action have not been brought out, and therefore all the material facts are not before the court, and that until examinations and depositions of certain directors and others are taken, it is impossible to ascertain whether or not this settlement is a fair settlement and one that should be approved by the court.

It is not the court's intention to discuss the merits or demerits of plaintiff's claim, except to point out that there is a question as to whether all the facts concerning the option contract between Sperry Corporation and Field Glore & Company have been revealed. Nor can the affidavits of the directors, submitted on this motion, suffice in place of a full disclosure which would be obtained from an examination of the directors. I realize that the President of Sperry Corporation has been examined, at least partially, but I do not consider his examination sufficient to base an approval of this proposed settlement. Nor can I base my approval on the approval of the prior settlement in this same matter by Judge Shearn, acting as arbitrator, since his decision on the prior settlement rested solely upon an agreed set of facts; which agreed set of facts may not have been complete.

The defendants herein have urged that the financial statements of Curtiss-Wright corporation fully substantiate the wisdom of their action, but this is not controlling on the question of liability of the directors, if from facts which may later be found, liability can be established which

would be out of proportion to the proposed settlement. A court, in passing on a proposed settlement of a stockholder's action, should not attempt to pass on the business judgment of directors, but merely ascertain if there is any merit to a stockholder's claim, and if the amount offered justifies the discontinuance of the action. The court should ascertain the possible increment to the corporation if the suit is continued to a successful conclusion in relation to the amount offered in settlement. In other words, the test is what is in the best interests of the corporation. In the instant case, until all the facts are ascertained, the court cannot determine the merit of plaintiff's claim in its relation to the amount offered in settlement.

I do not attempt, by my comment herein, to condemn the directors of Sperry Corporation, or of any other corporation, or to intimate that there is any liability on their part. I am only pointing out that there may be material facts in the sale of the Curtiss-Wright stock which have not been brought to light, and I do not think it is for the best interests of the corporation to approve the proposed settlement at this time.

I therefore deny the application on the proposed settlement.

Several stockholders of the defendant corporation, namely, Rebecca Margolin, Frederick W. Scholem, Howard Lewis, Ignace Lewis and Consolidated Investing Corporation, have moved to intervene in the within action on the ground that the present plaintiff has indicated his willingness to accept the offer of settlement, and thus their rights have been prejudiced, and the plaintiff cannot prosecute the claim to their best interests, as stockholders similarly situated, now that approval of the proposed settlement has been denied by the court.

In the proposed complaints attached to the moving papers of the intervenors there is a failure to comply with Rule 23(b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, in that the intervenors have not alleged that they were stockholders of defendant Sperry Corporation at the time of the transactions of which they complain, or that their shares devolved on them by operation of law.

The intervenors argue that under Rule 24 they do not have to comply with Rule 23(b), since in a representative action, intervention by a member of the class need not be supported by independent federal jurisdictional grounds. While it is true that in such an action as the one at bar intervenors need not show any independent federal jurisdictional grounds (see Moore's Federal Practice, Vol. 2, pp. 2421, 2422), nevertheless, in my opinion, this cannot be extended to include non-compliance with Rule 23(b). The above rule means nothing more than that since the original plaintiff had to show diversity of citizenship and the jurisdictional amount involved in order to bring the action into the federal court, this diversity of citizenship and jurisdictional amount need not be shown by an intervenor as an independent ground for intervention.

The intervenors seek, voluntarily, to come into this court as party plaintiffs, and they should not stand in any better position than the original plaintiff who had to comply with Rule 23(b). When intervenors become parties to an action, for all intent and purposes they are considered as original parties. Rice v. Durham Water Co., C.C., 91 F. 433; State of Kansas v. Occidental Life Insurance Co., 10 Cir., 95 F.2d 935.

It has been held that in cases removed to the federal courts on grounds of a federal question the requirements of Rule 23(b) do not have to be met (see Jablow v. Agnew, D.C., 30 F.Supp. 718), but in causes removed on the ground of diversity of citizenship, since the case of Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, there appears to be some doubt as to the applicability of the rule, that a shareholder allege that he owned the stock of the corporation at the time of the transaction complained of, because of the question whether or not it is a procedural or a substantive right, that is, whether the plaintiff must adhere to the Federal Rules as a matter of practice, or to the New York law, which does not require the averment of stock ownership (Pollitz v. Gould, 202 N.Y. 11, 94 N.E. 1088, 38 L.R.A.,N.S., 988, Ann.Cas.1912D, 1098), as a matter of substance. In the case of Summers v. Hearst, D.C., 23 F.Supp. 986, it was held that despite the Erie case, supra, the rule must be followed since it is a mandatory rule promulgated by the United States Supreme Court for litigants who come into the federal courts, with the sole exception of those class actions removed from state courts on the grounds of a fed-

eral question. See Jablow v. Agnew, supra.

The right here sought to be enforced is secondary, and to deny particular plaintiffs the privilege of enforcing the right is not, ipso facto, a denial of all remedies. Undoubtedly a right without a remedy has no substance, and if the invocation of Rule 23(b) would result in a complete bar to all persons in the class, the Erie case might be applicable. But such is not the case, and the alacrity with which intervenors have presented themselves is at least indicative of the fact that there may be other stockholders who can satisfy the requirements of the rule. Until such persons present themselves, the equitable principle expressed in Rule 23(b) with respect to the members of the class who are permitted to act in a representative capacity in this court, governs the exercise of the discretion given to me under Rule 24 with respect to intervention.

Rule 23(b) is former Equity Rule 27, 28 U.S.C.A. following section 723, which in turn evolved from a decision of the United States Supreme Court in Hawes v. Oakland, 104 U.S. 450, 26 L.Ed. 827. The very language of the rule was taken from the opinion in that case. See Summers v. Hearst, supra. The purpose of enacting the rule was not to raise a question of jurisdiction, but of the authority of the plaintiff to maintain an action. City of Quincy v. Steel, 120 U.S. 241, 7 S.Ct. 520, 30 L.Ed. 624; Illinois Cent. R. Co. v. Adams, 180 U.S. 28, 21 S.Ct. 251, 45 L.Ed. 410.

It was stated in Venner v. Great Northern R. Co., 209 U.S. 24, 28 S.Ct. 328, 330, 52 L.Ed. 666: "Neither the rule nor the decision from which it was derived deals with the question of the jurisdiction of the courts, but only prescribes the manner in which the jurisdiction shall be exercised. If a controversy of this general nature is brought in the circuit court and the necessary diversity of citizenship exists, but, upon the pleadings or the proof, it appears that the plaintiff has not shown a case within the decision in Hawes v. Oakland, or the rule of court declaratory of that decision, the bill should be dismissed for want of equity, and not for want of jurisdiction. The dismissal of the bill would not be the denial but the assertion and exercise of jurisdiction. So it was that in Hawes v. Oakland the demurrer was sustained and the bill dismissed, not for want

of jurisdiction, but, in the words of the court (104 U.S. 450, at page 462, 26 L.Ed. 827) 'because the appellant shows no standing in a court of equity,—no right in himself to prosecute this suit.' "

It is evident from the cases cited above that the Supreme Court looks upon the rule as one being personal to the plaintiff, with no question of jurisdiction involved. As was stated in Pollitz v. Gould, supra, the United States Supreme Court " * * * seems to have been more concerned with establishing this rule as one of practice than of substantive law. * * * Whether it be regarded as establishing a principle of law or a rule of practice, this authority has been subsequently followed in the United States Courts."

Considering this rule then as a matter of practice, a right personal to the plaintiff, I therefore deny the motions because of petitioning intervenors' failure to comply with Rule 23(b), without prejudice, however, to any future application for intervention by any one stockholder who complies with the rule. Settle order on notice.