

See also In re Simon Weltman & Co., D.C. S.D.N.M., 2 F.2d 759, 761 [3 A.B.R., N.S., 140], and compare In re Landersman, D.C.N.J., 239 F. 766, 769 [38 A.B.R. 685], where the question is discussed but not decided. On principle we think that more should be shown to justify withholding a discharge than that an agent made a fraudulent statement within the scope of a general authority to transact the bankrupt's business. A discharge is a privilege accorded to bankrupts by the statute unless they are chargeable with conduct showing some lack of personal business morality. Laying aside cases of corporate bankrupts, as to which no decision is now required, we believe that when a false statement is made by an agent, some additional facts must exist justifying an inference that the bankrupt knew of the statement and in some way acquiesced in it or failed to investigate its accuracy. No such inference is possible in the case at bar. Consequently the order is reversed with directions to grant the discharge."

The instant case seems far different from the Lovich matter. The bankrupt herein signed the statement himself and swore to it. He must be held to be responsible for the natural consequences of his acts. He is accountable for each and every fact contained in the statement he signed and cannot avoid these responsibilities by contending that his wife filled it in and therefore he is not liable for the acts of his agent. The cases are distinguishable and the Referee was justified in denying the discharge.

Motion denied.

Frantz & Johnston, of Chicago, Ill., and Dalzell, McFall & Pringle, of Pittsburgh, Pa., for plaintiffs.

John G. Frazer and Reed, Smith, Shaw & McClay, all of Pittsburgh, Pa., for defendants.

SCHOONMAKER, District Judge.

This is a class-action brought by plaintiffs as a committee, suing in behalf of all holders of 7% cumulative preferred stock of defendant-corporation, attacking the validity of this corporation's plan of capital readjustment.

The plaintiffs allege in a petition filed herein that the defendant-corporation is now seeking a compromise of the matter here in litigation by the offer of 5½% prior preferred stock to the holders of the outstanding 7% cumulative preferred stock. The plaintiffs allege that this proposal is a compromise of this suit, which requires the approval of this court under Rule 23(c) of the Rules of Civil Procedure, 28 U.S.C.A. following section 723c.

This rule reads as follows: "23 * * * (c) Dismissal or Compromise. A class action shall not be dismissed or compro-

**HEESCH et al. v. PITTSBURGH STEEL CO. et al.**

Civ. No. 1307.

District Court, W. D. Pennsylvania.

July 29, 1941.

mised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. If the right is one defined in paragraphs (2) or (3) of subdivision (a), notice shall be given only if the court requires it."

Up to the present time there has been no proposal filed in this case either to dismiss it or to compromise it. Until that is done, there is nothing before the court upon which to act. It is only when a proposal to compromise is filed in a class-suit that the provisions of this rule apply with reference to notice to all members of the class. Then only will the court be called upon to approve or to disapprove the proposed compromise.

The plaintiff's petition for an injunction will therefore be denied. An order may be submitted accordingly.

## In re SLUTZKIN.
### No. 38799.

District Court, E. D. New York.

Aug. 7, 1941.

Furst, Schwartz, Schwager & Landau, of Brooklyn, N.Y., for bankrupt.

Stanley N. Ohlbaum, of New York City, trustee.

ABRUZZO, District Judge.

This is a hearing on the petition of the trustee for a review of the decision of the Referee, dated March 13, 1941, and a motion for a dismissal of the petition for review, dated March 21, 1941, brought on by the bankrupt.

The bankrupt's discharge was denied on the ground the bankrupt failed to produce records showing his earnings for the past ten years. After new counsel was engaged, he moved for a reopening of the matter in order to produce further proof from his employers as to his earnings for the period in question. The Referee granted this motion and the trustee brought a petition to review and revise the decision of the Referee which directed a further hearing on the specifications of objections to the bankrupt's discharge.

In the interest of justice, the Referee should be permitted to proceed with further hearings on the specifications of objections to the discharge and take whatever evidence the bankrupt has to offer.

Needless to say, the new proof should be weighed carefully in the light of the previous testimony adduced. The evidence sought to be given should be clear and unequivocal. The reason for its not being produced at the first hearing should be given.

Motion granted.