**MALCOLM v. CITIES SERVICE CO. et al.**
Civil Action No. 213.

District Court, D. Delaware.
June 9, 1942.

James H. Hughes and Max Terry, of Hughes & Terry, all of Dover, Del., Harold F. Levin, of Delson, Levin & Gordon, of New York City, petitioners, pro se.

Kenneth C. Quencer, of Budd; Bertine & Quencer, of New York City, for plaintiff.

Caleb S. Layton, of Richards, Layton & Finger, of Wilmington, Del., for defendants Cities Service Co. and Cities Service Power & Light Co.

LEAHY, District Judge.

On April 5, 1940, the plaintiff, a stockholder of Toledo Edison Company,[1] brought a class action for an accounting for alleged diversion of assets of Toledo. The original complaint was dismissed without prejudice because of misjoinder of parties. On May 15, 1941 a new complaint was filed. Various motions have been filed by the defendants asking for bills of particulars; but these motions have never been brought on for hearing. Issue has not, as yet, been joined.

The former attorneys for the plaintiff are the petitioners in the present proceeding.[2] Their petition states that they were recently informed that plaintiff had sold her shares in Toledo to one of the defendants, Cities Power, and that they now seek (1) disclosure of the facts surrounding the purchase of plaintiff's shares; (2) determination by the court whether such a purchase constitutes a compromise within Rule 23(c) of the Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; and (3) determination and fixing of any rights or liens that the attorneys may have.

The issue raised by the petition is whether the sale by the plaintiff of her shares constitutes a "compromise" of the cause of action sued upon; if it is, then court approval and notice to the other stockholders of Toledo are required under Rule 23(c).[3]

Plaintiff argues that she has the right to sell her stock to whomever she pleases. She contends that the court should not in effect compel her to continue the original action and carry it through to judgment, thereby incurring liability, if she is unsuccessful, for expensive costs. She contends that the cause of action, if any, is still alive, that the present action is still pending, and that other qualified stockholders have the right to intervene.

Petitioners argue, however, that Cities Power has purchased plaintiff's shares for a price in excess of the actual worth of her stock. They contend that this constitutes a "compromise" within the meaning of the rule. While they cite no direct authority, they say, on principle, that the purchase amounts to a compromise in that it has resulted in the abandonment of the suit.

Rule 23(c) looks to the protection of the rights of members of a class who are not parties to the suit. I think that petitioners are correct in stating that the court and not the plaintiff has the power to allow a dismissal or compromise and that no agreement inter partes can be given the slightest efficacy until the court is satisfied that no rights of other stockholders are being jeopardized. The situation intended to be brought within the rule is typified by the case of Piccard v. Sperry Corporation, D.C., 36 F.Supp. 1006, affirmed 2 Cir., 120 F. 2d 328. The complaint there alleged that directors of the defendant corporation had indirectly sold to themselves certain shares owned by the defendant, knowing that the shares would increase in value. The suit was settled by the directors' paying a substantial sum to the corporation. Consummation of that settlement would, of course, prevent any other action by stockholders who were not parties to the suit. In such a situation, the machinery of Rule 23(c) must be applied.

[1] Toledo Edison Company, for purposes of convenience, will be referred to as "Toledo"; the defendants, Cities Service Company as "Cities Service," and Cities Service Power & Light Company as "Cities Power."

[2] The plaintiff was originally represented by one Maurice Rogen who before he resigned from the New York bar had retained the firm of Hughes & Terry, as local Delaware counsel. The petitioners are the firm of Hughes & Terry as well as the firm of Delson, Levin & Gordon, of New York City. The latter firm claim they were retained by Rogen and they, in turn, retained Hughes & Terry. The plaintiff, however, filed an affidavit, at the argument on the present petition, wherein it is averred that she has no knowledge that the firm of Delson, Levin & Gordon ever represented her. Her attorney, at the argument, stated that Rogen was guilty of substantial defalcations in administering her affairs; and she denies his authority to retain the New York firm. She does, however, admit that Rogen had authority to retain the firm of Hughes & Terry, as local Delaware counsel.

[3] The rule provides: "(c) Dismissal or Compromise. A class action shall not be dismissed or compromised without the approval of the court. If the right sought to be enforced is one defined in paragraph (1) of subdivision (a) of this rule notice of the proposed dismissal or compromise shall be given to all members of the class in such manner as the court directs. If the right is one defined in paragraphs (2) or (3) of subdivision (a) notice shall be given only if the court requires it."

And it was recently stated that Rule 23 (c) is " * * * designed to cope with, a situation in which a dismissal or compromise of an action of this nature by a plaintiff would affect the rights of other members of the plaintiff's class, that is, to the situation presented when other members of the plaintiff's class have intervened, or when the wrongdoing corporation has sought to settle with the corporation which it has wronged instead of only with the individual plaintiff-stockholder who has brought suit, in either of which events the rights of other members of the plaintiff's class might be affected." May v. Midwest Refining Co., 1 Cir., 121 F.2d 431, 440.

■ Here, even though the plaintiff can not proceed with the action because she is no longer a stockholder, other members of the class of which she was a member are protected under Rule 24(a).[4] Any member of the class, otherwise qualified,[5] may intervene in this suit on the ground that their rights are no longer adequately protected or even represented. The cause of action, if there be one, remains unaffected by the sale of the plaintiff's stock. Under these circumstances, the mere sale of the shares does not call Rule 23(c) into operation.

■ The petitioners argue that the rights of other stockholders will be imperilled by this action because the suit will remain on the calendar indefinitely or until the court at some remote future time dismisses the action, sua sponte, for lack of prosecution. This is not the fact. Rule 41 and the local so-called "year rule"[6] are the only known methods of disposing of the present suit by dismissal, unless the defendants themselves move to dismiss. In either event, the dismissal would be subject to the requirements of Rule 23(c). Before such dismissal could take place, notice to other stockholders similarly situated would have to be given; the court would then have before it the situation contemplated by Rule 23(c). Such other stockholders would be allowed to intervene. Obviously, laches or statute of limitations could not be invoked against them, absent proof that the stockholders seeking intervention had actual notice at a prior time that they were not adequately represented in these proceedings. Hence, it seems to me that the invocation of Rule 23(c) at this time is premature. Heesch v. Pittsburgh Steel Co., D.C., 40 F.Supp. 243.

■ The petitioning attorneys in the remaining prayer of their petition seek to have the court fix and determine any rights or lien that they may have in this proceeding. At the moment, I am at a loss to understand how the court may grant such relief. I am not called upon to determine an attorney's right to participate in a fund. There has been no recovery for the benefit of the corporation. It may be that if the action proceeds to judgment and there is, in fact, a recovery, the attorneys may petition the court to determine the amount they are entitled to for their services. But at the present time too many of the factors which must be taken into consideration in fixing the just proportion which should be awarded the petitioners out of any recovery which might be had are unknown. I do not know and cannot now determine, for example, the amount of recovery, the extent and difficulty of the work of preparing for and actually seeing the action through to trial and judgment, and the proportion of such work which will have been done by petitioners and by other attorneys.

Moreover, plaintiff has asked her former attorneys to submit a bill for services rendered, but to date they have not done so. I fail to see why this court should fix the fee presently owing from the plaintiff to the petitioners, as this is a matter which usually lies within the field of private agreement between the parties. The petition should be dismissed.

Let an order be submitted.

---

[4] The rule provides: "(a) Intervention of Right. Upon timely application anyone shall be permitted to intervene in an action: (1) When a statute of the United States confers an unconditional right to intervene; or (2) when the representation of the applicant's interest by existing parties is or may be inadequate and the applicant is or may be bound by a judgment in the action; or (3) when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof."

[5] See e. g. Rule 23(b) of the Federal Rules of Civil Procedure.

[6] Rule relating to dismissal of pending causes for want of prosecution, promulgated by Judge Nields on November 11, 1938. This rule reads in part: "Causes pending in this court in which no action has been taken by the parties for one year may be dismissed as of course, for want of prosecution, by the court on its own motion."