## SOMBERG v. BLUEMSCHINE et al.

District Court, S. D. New York.
March 3, 1948.

198

Morris J. Levy, of New York City, for plaintiff.

Sullivan & Cromwell, of New York City (John F. Dooling, Jr., and John G. Dorsey, both of New York City, of counsel), for defendants.

CONGER, District Judge.

Motions by defendants (1) to dismiss complaint for failure to comply with Rule 23 (b), Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c; (2) to strike certain portions of the complaint; (3) to require the plaintiff to furnish a more definite statement with respect to various matters alleged in the complaint; and (4) to separate the matters united in the third claim into two counts.

(1) Rule 23 (b) requires, among other things, that the complaint shall set forth " * * * with particularity the efforts of the plaintiff to secure from the managing directors or trustees, and, if necessary, from the shareholders such action as he desires, and the reasons for his failure to obtain such action or the reasons for not making such effort."

The defendants' motion is directed to plaintiff's failure to set forth efforts to secure action from the directors.

■ The plaintiff has made no demand upon any of the directors for such action as he desires for the reason, as alleged in the complaint, that such demand would be useless and futile in that its effect would be a request that the directors sue themselves. Such allegation is generally sufficient requirement with the Rule. Galdi v. Jones, C.C.A. 2 Cir., 2nd, 1944, 141 F.2d 984; Craftsman Finance & Mtg. Co. v. Brown, D.C.S.D.N.Y.1945, 64 F. Supp. 168; Winkelman v. General Motors Corp., D.C.S.D.N.Y.1942, 44 F.Supp. 960; Moore's Federal Practice, Section 23.05, page 2267. The complaint charges all of the directors with complicity, and if the allegations are true, it could not readily be expected that they would take any action. Motion denied.

(2) Motion to strike.

I have gone through item by item the portions of the complaint sought to be stricken out.

■ Most of them are harmless repetitions of phrases. There are several instances of repetitious paragraphs and/or sentences. I regard these as harmless. No harm can come to the defendants because I leave them in.

The complaint, true, is rather long and the claims over-pleaded, but it is a rather logical complaint. I feel I should not disturb it. Motion denied.

(3) Defendants under this motion ask that plaintiff furnish a more definite statement as to paragraphs 15, 32 and 56.

■ It seems to me that defendants will be able without difficulty to answer the allegations contained in the above paragraphs. For the purpose of answering the complaint a more definite statement is not necessary. For the purpose of preparing for trial, defendants have the other methods for obtaining information provided for in the Rules of Civil Procedure. Although paragraph 32 might be deemed over-extensive in charging profits, it is manifest from the whole complaint that it can mean only illicit profits. Motion denied.

(4) Motion to compel plaintiff to serve an amended complaint is which shall be stated in separate counts the two separate claims of intentional wrongdoing and of negligent wrongdoing. Motion denied.

There is only one wrong alleged in the third count and it arises out of only one transaction, i. e. the purchase of the securities of Rit Products Corporation. It is true that this count is a bit involved yet I can't say it is bad pleading.

■ It seems to me that this count as pleaded does not contravene Rule 10 (b). There is only one claim here founded upon one transaction. True, there are several theories pleaded in and by which plaintiff claims liability against these defendants.

This type of pleading is good under our very liberal rules of pleading. See Moore's Federal Practice, Section 10.02, page 605 et seq.

Jablow et al. v. Agnew et al., D.C., 30 F.Supp. 718, cited by defendants, and de- cided sometime ago, very well illustrates my point. In that case the pleader had put in his complaint in one count. In that case I found two separate and distinct causes of action, one against some of the defendants and the other against an entirely different set of defendants. The claims against each set of defendants were not in any way connected. Of course, in that case separate counts were indicated.

It is interesting to note that in what I termed the second claim in that cause of action there were several different transactions charged, but I ordered that they might be included in one and the same count.

Motions denied as indicated above.

Settle order on notice.