**LONG ISLAND ELECTRONICS SUPPLY CORP., Plaintiff,**

v.

**SYLVANIA ELECTRIC PRODUCTS INC., Defendant.**

United States District Court
S. D. New York.

April 3, 1963.

Greenfield, Rothstein, Klein & Bellin, New York City, Sidney W. Rothstein, New York City, of counsel, for plaintiff.

Colton, Gallantz & Fernbach, New York City, George G. Gallantz, New York City of counsel, for defendant.

McLEAN, District Judge.

This is a private treble damage action for alleged violation of the Robinson-Patman Act (15 U.S.C. §§ 13(a) and 13(e). Defendant moves pursuant to Rule 12(f) to strike as redundant or imma-

terial Paragraph 7(c) contained in the first cause of action and the entire second cause of action.

■ Paragraph 7 of the first cause of action alleges that defendant has discriminated in price against plaintiff in ways specified in subparagraphs (a) and (b) and by "(c) other devices which are not presently known to the plaintiff." Subparagraph (c) is not a statement of a claim "showing that the pleader is entitled to relief" as required by Rule 8 (a). It is purely a catchall phrase which gives defendant no notice whatever of the charge that it is called upon to meet. It adds nothing to the complaint and is therefore immaterial. Jablow v. Agnew, 30 F.Supp. 718 (S.D.N.Y.1940).

Defendant's motion to strike Paragraph 7(c) is granted.

Paragraph 7(b) of the first cause of action alleges that defendant discriminated in price against plaintiff by giving to plaintiff's competitors credit for the return of obsolete or damaged merchandise while refusing to give similar credit to plaintiff. Paragraph 8 alleges that this conduct violates both Section 13(a) and 13(e) of Title 15 and that plaintiff has been damaged by this and other alleged discriminations in the sum of $100,000.

The second cause of action alleges the same discriminatory credit, alleges again that this violates Section 13(e) and alleges again that plaintiff has been damaged in the sum of $100,000. The complaint then adds the two damage claims, triples them, and seeks recovery of $600,-000.

■ It is apparent that plaintiff is claiming that a single course of conduct of defendant violates two different sections of the act. If it does, it can result in only one injury to plaintiff. Plaintiff cannot double his damages for a single wrong by charging in one count that defendant's conduct violates one section and in another count that it violates another. Even less can plaintiff allege in one count that the conduct violates Section 13(e) and then allege the same violation of the same section all over again in the second count, as this complaint plainly, but perhaps inadvertently, does. The second cause of action as it now stands is completely redundant and prejudicial to defendant. The motion to strike it is therefore granted.

I can appreciate that in the light of this decision plaintiff may wish to change or amplify the remaining allegations of the first cause of action. If so, plaintiff may serve an amended complaint within twenty days from the date of this order. Any such amended complaint must of course conform to the principles laid down by this decision.

So ordered.